ALDRIDGE PITE, LLP
EDDIE R. JIMENEZ (Bar #10376)
7220 S. Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
E-mail:  ecfnvb@aldridgepite.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for   Secured Creditor BANK OF AMERICA, N.A.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re | Bankruptcy Case No. 20-12395-btb |
|---|---|
| JORGE R ALCAZAR, | Chapter 13 |
| Debtor. | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |
| | CONFIRMATION HEARING: <br> DATE:  August 13, 2020 <br> TIME:   1:30 PM <br> CTRM:  Foley Bldg, Third Floor |

Bank of America, N.A.[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, JORGE R ALCAZAR (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 3 ("Claim"), the authorities cited herein, and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

## I. INTRODUCTION

Creditor respectfully requests the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim and is not feasible. Specifically, Debtor's Plan fails to provide ongoing payments and the cure of pre-petition arrears on Creditor's Claim. The Plan states Debtor seeks to wholly avoid Creditor's lien on the Property. However, Debtor's stated value of the property which secures Creditor's Claim exceeds the balance owed to the senior lien holder. Therefore, avoidance of Creditor's lien is not permitted under 11 U.S.C. § 506. Additionally, Debtor lacks sufficient net disposable income to fund the Plan and is currently in default in Plan payments, which indicates the Plan is not feasible. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

## II. STATEMENT OF FACTS

1. Creditor's Claim is evidenced by an Equity Credit Line Agreement executed by Debtor Jorge R Alcarzar, and dated June 25, 2004, with a credit limit of $97,000.00 (the "Note"). A copy of the Note is attached to Creditor's Claim as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a Deed of Trust (the "Deed of Trust") encumbering the real property commonly known as 7018 SALT MARSH CT., LAS VEGAS, NV 89148 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 3 as filed in the instant bankruptcy case and incorporated herein by reference.

3. On May 17, 2020, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, and was assigned case number 20-12395-btb. The petition states the Subject Property is the Debtor's principal residence. *See* Docket Entry No. 1.

4. On June 15, 2020, Creditor filed its Claim secured by the Subject Property with a total outstanding balance in the amount of $96,114.35, and a pre-petition arrearage claim of $468.44. *See* C.C.R. Proof of Claim No. 3.

/././

5. On June 22, 2020, U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust, the senior lien holder on the Subject Property, filed secured Proof of Claim No. 4, in the amount of $175,960.60. *See* C.C.R. Proof of Claim No. 4.

6. On July 1, 2020, the Debtor filed Chapter 13 Plan #1 (the "Plan") providing for monthly payments to the Trustee in the total amount of $609.00, for 36 months. The Debtor's Plan fails to provide for Creditor's secured claim and states in Section 9.3 that the Debtor seeks to wholly avoid Creditor's lien on the Property. Debtor has not filed a motion to value collateral or motion to avoid lien related Creditor's Claim.

7. On July 1, 2020, the Debtor filed Schedule A which alleges that the Subject Property is valued at $250,000.00. Debtor provides no independent evidence in support of this valuation aside from the Debtor's own opinion. *See* Docket Entry No. 17.

### III.    ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Improperly Seeks to Treat Creditor's Lien as Wholly Unsecured.**

11 U.S.C. section 506(a) provides that "an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a). Additionally, section 506(d) provides that "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…" 11 U.S.C. § 506(d). Section 103(a) of the Bankruptcy Code makes Chapter 5 and, thus, § 506(a) and (d) applicable to Chapter 13 cases. Section 506 governs the determination and treatment of secured claims in bankruptcy cases. *See, e.g., Shook v. CBIC (In re*

*Shook)*, 278 B.R. 815, 822 (B.A.P. 9th Cir. 2002*)*. Generally, a claim is secured only by the value of the property to which the lien is attached. *See, e.g., U.S. v. Ron Pair Enters, Inc.,* 489 U.S. 235, 239 (1989*)* (stating that § 506(a) "provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured"); Shook, 278 B.R. at 822 (observing that § 506(a) permits "bifurcation of an allowed claim into its secured and unsecured components according to the value of the collateral"). Accordingly, section 506(a) can lead to three possible valuation alternatives: (1) if the secured claim is less than the value of the underlying collateral, the claim is fully secured; (2) if the secured claim partially exceeds the value of the underlying collateral, the claim is bifurcated into secured and unsecured components; or (3) if the secured claim completely exceeds the value of the underlying collateral, the claim is deemed "stripped off," leaving the creditor wholly unsecured. *See, e.g., Zimmer v. PBS Lending Corp. (In re Zimmer)*, 313 F.3d 1220, 1222-25 (9th Cir. 2002); *Lane v. Western Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir. 2002). However, where the collateral securing a claim is a debtor's principal residence, section 1322(b)(2) of the Bankruptcy Code prohibits a Chapter 13 debtor from relying on section 506(a) to bifurcate an undersecured lien. *See Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993).

The Debtor's stated value of the Subject Property exceeds the balance owed to the senior lien holder. Additionally, Creditor's position is the actual value of the Subject Property is greater than Debtor indicates. Furthermore, because the Subject Property is the Debtor's principal residence, if $1.00 of equity exists beyond the senior lien claim, section 1322(b)(2) prohibits the Debtor from using section 506(a) to reduce Creditor's secured claim. *See Nobelman*, 508 U.S. 324. As equity beyond the senior lien claim exists, Creditor's is not wholly unsecured and subject to avoidance under Section 506(d), and Debtor's Chapter 13 Plan cannot be confirmed as proposed.

**2.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for

plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the amount of $468.44. CCR, Claim No. 3. However, the Debtor's Chapter 13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim on the assumption Creditor's lien will be avoided.  However, as discussed above, the lien cannot be avoided. Therefore, the Plan must address the cure of pre-petition arrears. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**3.  Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $468.44 in pre-petition arrears, however, Debtor's Plan does not address these arrears. As the Debtor's Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

**4.  Debtor's Chapter 13 Plan Should Not Be Confirmed Because It Fails to Provide for Ongoing Post-Petition Payments.**

Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). The Plan makes no provision for ongoing post-petition payments on the assumption Creditor's lien will be avoided.  However, as discussed above, the lien cannot be avoided.  Therefore, the Plan must provide for post-petition payments. As the Debtor's Plan fails to provide for the maintenance of post-petition payments on Creditor's secured

1  claim, it cannot be confirmed as proposed.

**5.  Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.**

11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig*, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that Chapter 13 Plan is feasible.

As discussed above, Creditor's lien cannot be avoided. The Plan must be amended to address the pre-petition arrears and ongoing post-petition payments on Creditor's Claim.  However the Debtor has already committed all of his net disposable income to Plan payments, and is not able to afford a larger payment. Therefore, the Debtor lacks sufficient monthly disposable income with which to fund the Plan.

Additionally, as of the filing of this Objection, Debtor failed to make the full Plan payment that came due for June, and has failed to make the July Plan payment. This further calls into question the feasibility of the Plan.

Accordingly, Debtor's Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

WHEREFORE, Creditor respectfully requests:

i)   That confirmation of the Debtor's Chapter 13 Plan be denied; and

ii)  For such other and further relief as this Court deems just and proper.

Dated: July 30, 2020

/s/ Eddie R. Jimenez
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(702) 413-9692
Bar #10376
Attorney for BANK OF AMERICA, N.A.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

CASE NO. 20-12395-btb

CERTIFICATE OF SERVICE BY MAIL

I, <u>Tori Ward</u> and I am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

I caused the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served by electronic means through the court's CM/ECF system or by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

SEE ATTACHED SERVICE LIST

Dated: <u>July 30, 2020</u>                                /s/ Tori Ward

## **SERVICE LIST**

**DEBTOR(S)**

JORGE R ALCAZAR
7018 SALT MARSH CT
LAS VEGAS, NV 89148

**DEBTOR(S) ATTORNEY**

MICHAEL J. HARKER
2901 EL CAMINO AVE., #200
LAS VEGAS, NV 89102
notices@harkerlawfirm.com

**CHAPTER 13 TRUSTEE**

Kathleen A. Leavitt
711 South 4th St Suite # 101
Las Vegas, NV 89101
courtsecf3@las13.com

**U.S. TRUSTEE**

Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300  Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov